UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAGAT SINGH, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-2811 |
| | § | |
| ERIC K. SHINSEKI, | § | |
| Secretary of Veterans Affairs, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Jagat Singh's employment discrimination case against Eric K. Shinseki, Secretary of the Veterans Administration, is before the court on Shinseki's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (Dkt. 18.)[1] Shinseki asserts that the plaintiff failed to exhaust his administrative remedies before filing suit. The court concludes that Shinseki's motion to dismiss should be granted.

### I. Background

Jagat filed an employment discrimination complaint with the Veterans Administration on or about September 20, 2007. The agency determined that there had been no discrimination or retaliation and on June 23, 2008 issued its Final Agency Decision without conducting a hearing. On July 21, 2008, Jagat appealed the Final Agency Decision to the Equal Employment Opportunity Commission's Office of

---

1 The parties here consented to the jurisdiction of this magistrate court for all purposes, including summary

Federal Operations. Sixty-three days later, on September 22, 2008, Jagat filed this lawsuit. On October 24, 2008, the EEOC's Office of Federal Operations, without notice of this lawsuit, affirmed the finding of the Veterans Administration.

## Analysis

### 12(b)(1) Standards

A defendant may challenge a court's jurisdiction over a claim through a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts supporting subject matter jurisdiction by considering any of the following: '(1) the complaint alone; (2) the complaint supplanted by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed' " *Id.* There are no disputed facts in the record.

### Title VII Exhaustion

Shinseki challenges subject matter jurisdiction because Jagat failed to exhaust his administrative remedies. A party seeking to bring suit under Title VII of the Civil Rights Act in federal court must meet two jurisdictional requirements:

---

judgment (Dkt. 21).

> 1) the complaint must be filed within the time allotted by Title VII, and 2) the complainant must first have exhausted her administrative remedies. Failure to comply with either of these requirements wholly deprives the district court of jurisdiction over the case; it is the well settled law of this circuit that each requirement is a prerequisite to federal subject matter jurisdiction.

*Tolbert v. Tisch*, 916 F.2d 245, 247 (5th Cir. 1990). If Jagat does not first exhaust his administrative remedies this court lacks subject matter jurisdiction. *Tolbert*, 916 F.2d at 247.

Jagat was informed upon receipt of his Final Agency Decision that he had the option of either filing in federal district court within 90 days or appealing to the EEOC. 29 C.F.R. §1614.401; 407(a); 504 (1999). Jagat appealed to the EEOC. (Dkt. 18 Exh. 5). After appealing he is only permitted to file in District Court *within* 90 days of receiving the EEOC appeal ruling, or *after* 180 days from filing the appeal if there has been no final EEOC decision. 29 C.F.R. §1614.407(c), (d) (1999). Jagat's suit was filed before 180 days had passed from appealing to the EEOC and the commission had not yet issued its ruling. (Dkt. 18).

The Fifth Circuit faced a similar case in *Tolbert v. Tisch*, 916 F.2d 245 (5th Cir. 1990). In *Tolbert*, a former employee of the Postal Service applied for re-employment and was denied. She filed a complaint with the agency and it was rejected. She appealed the decision to the EEOC and before it issued a ruling or the statutory 180 waiting period had expired, she filed a complaint in district court under

3

Title VII. The court held that she had not exhausted her administrative remedies and the district court had no jurisdiction over her. *Id* at 249.

The *Tolbert* court also held that even though the EEOC later issued a decision this did not cure the procedural defect. "The rule is simple: file in the time allotted, and neither before nor after." *Id* at 249-50. *Tolbert* is directly on point, under the undisputed facts of this case; Jagat's claim is unexhausted, and because the defect is incurable, it must be dismissed with prejudice.

## Conclusion

For the reasons discussed above, Shinseki's motion to dismiss (Dkt. 18.) is granted and Jagat's claim is dismissed with prejudice for lack of subject matter jurisdiction.

Signed at Houston, Texas on July 24, 2009

Stephen Wm. Smith
United States Magistrate Judge